**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

NCO PORTFOLIO MANAGEMENT,
INCORPORATED,

*Plaintiff-Appellant,*

v.

WILLIAM JOSEPH WITT, JR.; KELLY
RAE WITT; MASON-DIXON
INVESTIGATIONS, INCORPORATED,

*Defendants-Appellees.*

No. 01-1344

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-00-1285-L)

Submitted: September 25, 2001

Decided: October 17, 2001

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Francis R. Laws, Richard P. Rieman, Jr., KOLLMAN & SHEEHAN,
P.A., Baltimore, Maryland, for Appellant. J. Stephen Simms, W.
Charles Bailey, Jr., GREBER & SIMMS, Baltimore, Maryland, for
Appellees William Witt and MDI; Timothy J. Capurso, HORN &
BENNETT, P.A., Baltimore, Maryland, for Appellee Kelly Witt.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

After discovering that one of its employees was embezzling funds from the company, Appellant brought an action against that employee, his wife, and a company the employee owned through which he was funneling the money, asserting claims under the Sherman Antitrust Act, 15 U.S.C. § 1 (2000) and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 (2000), as well as state law claims. The district court granted Appellees' motion to dismiss the complaint for lack of jurisdiction. Appellant contends that the district court erred by dismissing the action. We find no merit to its claims; consequently, we affirm.

Because the district court considered materials outside the pleadings and the jurisdictional and merits claims were intertwined, we find that it effectively, if not formally, treated the motion to dismiss as a motion for summary judgment. *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989). "The district court, while it clearly has an obligation to notify parties regarding any court-instituted changes in the pending proceedings, does not have an obligation to notify parties of the obvious." *Laughlin v. Metropolitan Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). In this case, the parties were on notice of the possible conversion, given the court's express decision to allow additional discovery before deciding the jurisdictional issue. Furthermore, we find that the district court properly found no jurisdictional basis for Appellant's RICO and Sherman Antitrust Act claims. *See Al-Abood v. El-Shamari*, 217 F.3d 225, 238-39 (4th Cir. 2000); *Oksanen v. Page Mem'l Hosp.*, 945 F.2d 696, 708-09 (4th Cir. 1991).

For these reasons, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*